UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DEBORAH LORDON and JUDITH RODGERS, Individually and as Next Friend of C.R.R. and R.R., Minor Children** § § § § §<br><br>**v.** § §<br>§ **CIVIL ACTION NO.**_____<br>**TEXAS DEPARTMENT OF FAMILY SERVICES, HANK WHITMAN,** *In His Official Capacity* **as COMMISSIONER OF TEXAS DEPARTMENT OF FAMILY SERVICES** § § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **DEBORAH LORDON and JUDITH RODGERS, Individually and as Next Friend of C.R.R. and R.R., Minor Children**, hereinafter called Plaintiff, complaining of and about **TEXAS DEPARTMENT OF FAMILY SERVICES ("TDFS"), HANK WHITMAN,** *In His Official Capacity* **as COMMISSIONER OF TEXAS DEPARTMENT OF FAMILY SERVICES ("TDFS")**, hereinafter called Defendants, and for cause of action would show unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

Plaintiff intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

1. Plaintiff, **JUDITH RODGERS**, is an Individual and is represented by the undersigned

2. Plaintiff, **DEBORAH LORDON**, is an Individual and is represented by the undersigned.

3.	Defendant **TEXAS DEPARTMENT OF FAMILY SERVICES** is a Texas state governmental agency whose principal place of business is in Texas and who may be served with process at the following address: 701 W. 51st Street Austin, Texas 78751. Service of said Defendant as described above can be effected by certified mail.

4.	Defendant **HANK WHITMAN,** *In His Official Capacity* **as COMMISSIONER OF TEXAS DEPARTMENT OF FAMILY SERVICES**, is an individual whose principal place of business is in Texas and who may be served with process at the following address: 701 W. 51st Street Austin, Texas 78751. Service of said Defendant as described above can be effected by certified mail.

## JURISDICTION AND VENUE

5.	The subject matter in controversy is within the jurisdictional limits of this court.

6.	This court has jurisdiction over the parties because the claims arise under federal question jurisdiction, 28 U.S.C. § 1331, based on the fourth and fourteenth amendments and 42 U.S.C. § 1983.

7.	Venue in the Southern District of Texas is proper in this cause under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this district.

## FACTS

8.	Plaintiff, **JUDITH RODGERS,** is the mother of the two children, C.R.R. and R.R. **DEBORAH LORDON** is the mother of **JUDITH RODGERS. JUDITH RODGERS** and her two children reside with **DEBORAH LORDON.** At all time pertinent to this complaint, Plaintiffs lived in a million dollar waterfront home in the Clear Lake area of Harris County, Texas. Plaintiffs allowed an unrelated female to live in the home for a period of time. At some

point, Plaintiffs realized that their houseguest was stealing from the residence. At this point the Plaintiffs had their guest leave the property and filed a police report to file theft charges. As soon as the houseguest learned of her common law eviction and the pending criminal charges against her, she made an anonymous, wholly unfounded complaint, to the Texas Children Protective Services in an attempt to retaliate against the Plaintiffs.

9. The complaint comprised of the following allegations: Plaintiff **JUDITH RODGERS** was a methamphetamine drug addict. Additionally, it was reported that Plaintiff **DEBORAH LORDON** was a handicapped alcoholic that was misusing and over-medicating prescription opioid drugs and frequently found passed out in the front yard when the children were home with no other adult to supervise the children. Furthermore, it was also reported that children were given codeine laced prescription cough syrup to force the children to go to sleep early at night. Finally, it may also have been reported that the children had poor hygiene and it there was not sufficient food in the home for the children. The allegations made caused the Texas Department of Family Protective Services through its sub-agency the Texas Children Protective Services to initiate an investigation of the adult Plaintiffs wherein each one was accused of physically abusing the children as well as neglectfully supervising the children.

10. CPS, without any thorough investigation, initiated a visit at the Plaintiffs' home. Said residence is a different home located in Humble, Harris County, Texas. The CPS field investigator's name is Crystalynn Davis and her direct supervisor Frederick A. Jones. Upon her arrival, she found a large, well-appointed home with a value of several hundred thousand dollars. The state investigator demanded to tour the home and found that the children had separate bedrooms, with beds made, closets full of clothing, and a kitchen and garage with multiple refrigerators, deep freezers and pantries containing well in excess of $1,000.00 of foodstuffs.

11. The state investigator found **JUDITH RODGERS** to be sober and lucid and found **DEBORAH LORDON** to be sober and lucid but in obvious pain due to her medical condition. The state investigator demanded that the adult Plaintiffs submit to urine and hair follicle drug testing under the threat of having the children removed from the home if they fail and refuse to comply.

12. Although, to date, the Defendants have not supplied copies of written reports of the drug test results, Defendants were informed through counsel that **JUDITH RODGERS** had no drugs of any kind in her system and that **DEBORAH LORDON** tested positive for the prescription drugs that she provided names of to the state investigator.

13. At this time, a reasonable person would presume the case would be closed. However, the state investigator advised that she would now seek to obtain prescription records from **DEBORAH LORDON's** treating physician and that if the records match the drug test she would recommend the following: a family service plan, that **DEBORAH LORDON** enter treatment for alcoholism, that **DEBORAH LORDON** pay for a full-time health caretaker at the residence and that **DEBORAH LORDON** pay to have a separate babysitter there for the children if **DEBORAH LORDON** and the caretaker are the only adults in the home with the children. Further, the family would have to participate in and successfully complete multiple unspecified programs/classes. The state investigator further advised that if **DEBORAH LORDON** tested positive for more drugs than she was being prescribed it would be "a much more serious situation." Plaintiffs, through counsel, strenuously objected to the Defendants plan for the Plaintiff' lives and threatened to expose Defendants to the harsh light of media coverage. Due to the actions of the Defendants, Plaintiffs have had their U.S. Constitutional rights violated,

suffered emotional trauma, great inconvenience and incurred reasonable and necessary attorney's fees to fight the baseless charges.

14. Plaintiffs are requesting that the court require **TDFS, HANK WHITMAN,** *In His Official Capacity* **as COMMISSIONER OF TDFS** and **CPS** to change the process by which the Defendants accept complaints from third parties. Plaintiffs are requesting that the Defendants vet third parties making complaints by conducting a thorough investigation. Specifically, the Defendants should have a protocol in place to help determine if the person making the complaint currently enjoys a good relationship with the subject of the complaint or as in this case is acting out of some sort of spite or malice to seek revenge or an upper hand in civil, criminal, or family court proceeding by casting a stigma or bad light with a false complaint.

15. On or about January 3, 2019, Defendants caused a letter to be sent to **JUDITH RODGERS** indicating that the results of their investigation is that all seven (7) allegations of physical abuse and neglectful supervision had been ruled out. A copy of same is attached as Exhibit "A", incorporated herein by reference as if fully set forth at length.

## CAUSES OF ACTION

## FOURTH AMENDMENT

16. Defendants acted unreasonably when its agents acted on a complaint without probable cause and in violation of the Plaintiffs rights. This is in violation of Plaintiff's civil rights under the Fourth Amendment of the U.S. Constitution and 42 U.S.C. § 1983. The Fourth Amendment is the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. Specifically, Defendants searched Plaintiffs'

home and seized Plaintiffs' urine and hair without sufficient probable cause and no oath or affirmation justifying the invasion of Plaintiffs' home and bodies.

17. Upon entering the home to investigate the complaint filed against the Plaintiffs, CPS searched through the home of Plaintiffs, in reliance of the complaint, without notifying Plaintiffs of their due process rights and the basis for the search of the home. Additionally, the search of the home did not reveal any abuse or neglect and in fact it was concluded that the home was suitable for the children. Moreover, CPS made no findings or conclusions that the children had been harmed, in danger or neglected in any way. The search was unreasonable because of the failure of CPS to review the allegations prior to the in-home visit.

## **FOURTEENTH AMENDMENT**

18. Defendants failed to conduct a thorough investigation prior to coming into the Plaintiffs' home. This is in violation of Plaintiff's civil rights under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983. The Fourteenth Amendment is all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law, which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

19. Defendants have attempted to institute a family service plan based upon the allegations of the complainant and without any hearing, or notice as to the purpose or reason why Plaintiffs would be subjected to this treatment if no there were no findings. This is in violation of Plaintiffs' due process rights under the Fourteenth Amendment. The family service plan, if implemented, would have seriously interfered with the rights and duties of Plaintiffs and cost

Plaintiffs tens of thousands of additional dollars.

## REQUEST FOR PERMANENT INJUNCTION

20. Plaintiffs request the following permanent injunctive relief: **TDFS, HANK WHITMAN,** *In His Official Capacity* **as COMMISSIONER OF TDFS** and **Child Protective Service ("CPS")** and any of its agents and assigns shall be enjoined from acting on anonymous complaints without proper investigation of the complaint and further shall be enjoined from any further investigation of these Plaintiffs without notice to this Honorable Court and the opportunity to either be heard, or at the very least, the Court conduct an in camera inspection of the Defendants' allegations.

## DAMAGES

21. Plaintiffs are seeking damages in the amount of $2,000,000.00. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered needlessly with pain, and suffering resulting in damages more fully set forth below, Plaintiff incurred the following damages:

   a. Actual damages;

   b. Mental anguish in the past, and present;

   c. Out-of-pocket expenses, included, but not limited to, cost of court and all attorney's fees, etc.

## ATTORNEY'S FEES

22. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the U.S. 5th Circuit Court of Appeals, as the Court deems equitable and just.

## JURY DEMAND

23. Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, **DEBORAH LORDON and JUDITH RODGERS, Individually and as Next Friend of C.R.R. and R.R., Minor Children** respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in the amount of $2,000,000.00, an amount within the jurisdictional limits of the Court; excluding interest, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICES OF PAUL HOUSTON
LAVALLE & ASSOCIATES, P.C.

*Paul H. LaValle*
Paul H. LaValle
S. B. O. T.  #  11998625
Fed. I.D. # 7865
2501 Palmer Hwy., Ste. # 112
P.O.  Box 3073
Texas City, Texas 77592-3073
Telephone No.  (409) 945-3314
Facsimile No.   (409) 945-2310
Cellular No.     (832) 573-3465
E-Mail: paul@lavalle-law.com



TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

COMMISSIONER
H. L. Whitman, Jr.

Judy H. Rogers
17618 KAYLA SPRINGS LN
HUMBLE, TX 77396-2152

Mailing Date: 1/3/2019

Re: Case# 47432999; Notice of Findings of CPS Investigation

Dear Judy H. Rogers:

The Department of Family and Protective Services(DFPS) has completed its investigation of alleged abuse or neglect reported on 9/13/2018 involving one or more children in your family and made the following findings:

| Alleged Perpetrator | Alleged Type of Abuse or Neglect | Alleged Victim | Finding |
|---|---|---|---|
| Rogers,Judy H | Physical Abuse | Rogers,Chloe | Ruled Out |
| Lordon,Deborah | Physical Abuse | Rogers,Chloe | Ruled Out |
| Rogers,Judy H | Neglectful Supv. | Rogers,Reggie | Ruled Out |
| Lordon,Deborah | Neglectful Supv. | Rogers,Reggie | Ruled Out |
| Rogers,Judy H | Neglectful Supv. | Rogers,Chloe | Ruled Out |
| Lordon,Deborah | Neglectful Supv. | Rogers,Chloe | Ruled Out |
| Rogers,Judy H | Physical Abuse | Rogers,Reggie | Ruled Out |

**How Findings are Determined.**

- A finding of '**Ruled Out**' means that, based on the available information, it was reasonable to conclude that the alleged abuse or neglect did not occur.

**How Certain Types of Abuse or Neglect are Defined.**

**Neglectful Supv.** includes the following acts or omissions by a person:

- placing a child in or failing to remove a child from a situation that a reasonable person would realize requires judgment or actions beyond the child's level of maturity, physical condition, or mental abilities and that results in bodily injury or a substantial risk of immediate harm to the child; or
- placing a child in or failing to remove the child from a situation in which the child would be exposed to a substantial risk of sexual conduct harmful to the child; or
- placing a child in or failing to remove the child from a situation in which the child would be exposed to acts or omissions that constitute abuse under Subdivision (1)(E), (F), (G), (H), or (K) committed against another child.

**Physical Abuse** includes the following acts or omissions by a person:

- physical injury that results in substantial harm to the child, or the genuine threat of substantial harm from physical injury to the child, including an injury that is at variance with the history or explanation given and

- excluding an accident or reasonable discipline by a parent, guardian, or managing or possessory conservator that does not expose the child to a substantial risk of harm; or
- failure to make a reasonable effort to prevent an action by another person that results in physical injury that results in substantial harm to the child; or
- the current use by a person of a controlled substance as defined by Chapter 481, Health and Safety Code, in a manner or to the extent that the use results in physical injury to a child; or
- causing, expressly permitting, or encouraging a child to use a controlled substance as defined by Chapter 481, Health and Safety Code.

**Right to Request Records.** You have the right to request a copy of the investigation records. The records will be redacted to remove the identity of the person who reported the alleged abuse or neglect and any other information which you are not entitled by law to receive. Release of records may be delayed or denied if the release would interfere with an ongoing criminal investigation or for other valid legal reason. You may be charged a fee for copies of these records. You may contact me to obtain a copy of the form needed to request these records or you may obtain a copy of this form at:

http://www.dfps.state.tx.us/Child_Protection?About_Child_Protective_Services/faqcpsrecord.asp

**Right to Request Role Removal.** Since all the allegations against either you or any child in your family have been 'ruled out', you have the right to request that we remove information regarding yourself in the role of alleged perpetrator(s) in this investigation. If you decide to request removal of role information, you must complete and submit the enclosed form(s) within 45 calendar days of the 'mailing date' listed at the top of this letter.

If you have any questions or concerns regarding the investigation or any of the information discussed in this letter, you may contact me at the address or phone number provided below.

Fredrick A. Jones
1919 W NORTH LOOP
PO BOX 16017
HOUSTON, TX 77222-6017
(832) 465-2115

## Request For Removal Of Role Information

Role Removal Unit, Y-960
Texas Department of Family and Protective Services (DFPS)
PO BOX 149030
AUSTIN TX 78714-9030

Or E-mail form to roleremovalunit@dfps.state.tx.us

For Role Removal status inquiries please call 512-929-6470. Please allow sufficient time for mail delivery before seeking status. Forms may also be scanned and e-mailed.

An individual alleged to have committed abuse or neglect of a child is entitled to request removal of information from DFPS records concerning that person's role as an alleged perpetrator in an investigation conducted by CPS if all of the allegations against that individual in that investigation are ruled out. To request removal of role information relating to the following investigation, you must complete and sign this form and return it to DFPS at the above address within forty-five (45) days after the date on the accompanying letter. If your minor child was the alleged perpetrator in this investigation, you may make this request on your child's behalf.

### In Regard to the Investigation That is Subject to Role Removal

| Date of Report | Case Name | Case Number |
|---|---|---|
| 9/13/2018 | Rogers, Judy H | 47432999 |

Specific Allegations that were investigated and 'ruled out':

| Alleged Perpetrator Name | Type of Abuse or Neglect | Alleged Victim Name | Disposition |
|---|---|---|---|
| Rogers, Judy H | Physical Abuse | Rogers, Chloe | Ruled Out |
| Rogers, Judy H | Neglectful Supv. | Rogers, Reggie | Ruled Out |
| Rogers, Judy H | Neglectful Supv. | Rogers, Chloe | Ruled Out |
| Rogers, Judy H | Physical Abuse | Rogers, Reggie | Ruled Out |

To be completed by the person requesting removal of role information:

| Name | Area Code and Telephone Number |
|---|---|
| | |

Mailing Address (Street or P.O. Box, City, State, Zip)

E-mail address for electronic notice of completion

Name of the child if parent or guardian is making this request on behalf of a minor child

### Important Information About Your Rights

Upon receipt of a properly submitted request for removal of role information, DFPS will initiate procedures to remove information from department records about the alleged perpetrator's role in the abuse or neglect report identified. Once this role information is removed from our records, IT WILL BE DESTROYED AND WILL NOT BE AVAILABLE TO YOU. If, for any reason, you wish to prove that someone falsely reported you for abuse or neglects, our records would no longer reflect the fact that this report against you was made and ruled out.

**NOTE: THE FACT THAT YOUR ROLE AS AN ALLEGED PERPETRATOR IN THIS <u>PARTICULAR</u> INVESTIGATION HAS BEEN RULED OUT OR THAT YOU REQUEST REMOVAL OF <u>THIS</u> ROLE INFORMATION DOES NOT PRECLUDE FURTHER INVOLVEMENT WITH YOUR FAMILY BY DFPS, INCLUDING THE PROVISION OF SERVICES, COURT INVOLVEMENT, OR EVEN TERMINATION OF PARENTAL RIGHTS.**

Because this decision may have important consequences, you may wish to consult a private attorney for legal

advice as to whether you should request the above role information to be removed from DFPS records.

| I have read the foregoing information about my rights and have made the decision to request that information about my role as an alleged perpetrator in this investigation be removed from DFPS records. | |
|---|---|
| Signature of person requesting removal of role information | Date Signed |