United States District Court
Southern District of Texas

**ENTERED**

August 26, 2019

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUDITH RODGERS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-00296 |
| | § | |
| TEXAS DEPARTMENT OF FAMILY | § | |
| SERVICES; cp TEXAS DEPARTMENT OF | § | |
| FAMILY SERVICES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court are Defendants' Motion to Dismiss (Doc. #12) and Plaintiffs' Response
(Doc. #16). Having considered the parties' arguments and the applicable legal authority, the
Court grants in part and denies in part Defendants' Motions to Dismiss.

**I.    Background**

This case arises from an investigation conducted by the Texas Department of Family and
Protective Services ("TDFPS") of Plaintiffs and their home based upon anonymous allegations
of child neglect. Based upon the investigation, Plaintiffs brought claims against the TDFPS and
Hank Whitman ("Whitman") (the Commissioner of TDFPS) in his official capacity. Plaintiffs
seek monetary and injunctive relief for alleged violations of their Fourth and Fourteenth
Amendment rights to the United States Constitution under 42 U.S.C. § 1983. Plaintiffs seek a
permanent injunction against TDFPS and any of its agents from acting on anonymous complaints
without proper investigation of such complaints. Doc. #1 at 7. Additionally, Plaintiffs request
TDFPS and Whitman change the process and protocols concerning third-party complaints. *Id.* at 5.

Defendant now moves to dismiss this case for lack of subject-matter jurisdiction based on Eleventh Amendment immunity, and Plaintiffs' failure to state a claim under Fed. R. Civ P. 12(b)(1), and 12(b)(6). The question before the Court is whether the Court has subject-matter jurisdiction over the claims against TDFPS and Whitman.

## II. Legal Standards

### A. Motion to Dismiss 12(b)(1)

A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction. Fed. R. Civ. P. 12(b) (1). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A dismissal based on lack of subject-matter jurisdiction does not constitute a determination of the claim on its merits, however, and does not prevent a plaintiff from pursuing the claim in a court that has proper jurisdiction. *Id.*

### B. Eleventh Amendment

The Eleventh Amendment of the United States Constitution has been interpreted to preclude suit against a state government by citizens of that state unless the state has waived its immunity or Congress has abrogated the state's immunity. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *Aguilar v. Tex. Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). This protection extends to state agencies and departments and applies regardless of the type of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945). However, state officials may be sued in their official capacity for injunctive or declaratory relief, but not

2

monetary. *Ex parte Young*, 209 U.S. 123, 159–160 (1908).

### III.   Analysis

#### A.   Eleventh Amendment bars suits against state agencies

The Plaintiffs' have sued the TDFPS, a Texas state agency. "Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (quoting *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 480 (1987). Additionally, Congress has not waived Eleventh Amendment immunity under 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *see also Raj v. Louisiana. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Here, TDFPS has not waived its immunity from this lawsuit. *See Thomas v. Tex. Dep't of Family & Protective Servs.*, 427 F. App'x. 309, 312–13 (5th Cir. 2011) (per curiam) (finding that TDFPS is a state agency that has not waived its immunity from suit and affirming dismissal due to sovereign immunity of a Section 1983 action against TDFPS). Accordingly, TDFPS is immune from suit in this Court under the Eleventh Amendment. Therefore, as to Plaintiffs' 42 U.S.C. § 1983 claims against TDFPS, the Court finds it lacks subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because claims against TDFPS are barred by Eleventh Amendment sovereign immunity.

#### B.   Claims against Whitman in his official capacity

The Supreme Court set forth a narrow exception to sovereign immunity in *Ex Parte Young*, 209 U.S. 123 (1908). Specifically, individual state defendants—e.g., the director of a state agency—are not subject to Eleventh Amendment immunity if (i) the individual defendant is sued in his or her "official capacity," and (ii) plaintiff seeks *only prospective injunctive relief* from the individual defendant. *See Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052,

1054 (5th Cir. 1998) (emphasis added). Accordingly, the claims for monetary relief against Whitman are barred by Eleventh Amendment immunity. However, the claims against Whitman in his official capacity seeking prospective injunctive relief concerning TDFPS policy are appropriately alleged. *See Thornton v. Merch.*, No. CIV.A. H-10-616, 2012 WL 3063894, at *4 (S.D. Tex. July 26, 2012), *aff'd*, 526 F. App'x 385 (5th Cir. 2013). Here, it appears Plaintiffs are seeking prospective injunctive relief under 42 U.S.C. § 1983 in the form of TDFPS policy change concerning how TDFPS handles anonymous complaints. Doc. #1 at 5 ¶ 14. Furthermore, Plaintiffs allege that the family service plan associated with the investigation initiated by the anonymous complaint is an on-going violation of their Constitutional rights. *Id.* at 4–7. Thus, Plaintiffs' claims for injunctive relief against Whitman in his official capacity are the only claims of the type permitted by the *Ex Parte Young* exception to Eleventh Amendment sovereign immunity. Therefore, the 42 U.S.C. § 1983 claims seeking prospective injunctive or declaratory relief against Whitman in his official capacity are the only claims that this Court has subject-matter jurisdiction over.

## IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. #12) is GRANTED IN PART and DENIED IN PART. All claims against TDFPS are DISMISSED without prejudice for lack of subject-matter jurisdiction. Additionally, the claims for monetary damages against Whitman are DISMISSED without prejudice for lack of subject-matter jurisdiction. The Motion to Dismiss the prospective injunctive relief claim against Whitman is DENIED.

It is so ORDERED.

**AUG 2 6 2019**

_____                    _____
Date                                        The Honorable Alfred H. Bennett
                                            United States District Judge

4